UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LISA JOHNSON, )
    *Plaintiff*, )
     )
    *vs*. ) 2:10-cv-0268-JMS-MJD
     )
SAM CRAIG, Sheriff of Lawrence County, )
    *Defendant*. )

## **ORDER**

Presently before the Court is Defendant Sam Craig's Supplemental Motion for Summary Judgment. [Dkt. 54.] The Court has already issued one summary judgment ruling in this action.[1] [Dkt. 47.] The Court can, therefore, be brief in resolving this one; familiarity with the prior ruling is assumed.

When viewed in the light most favorable to Plaintiff Lisa Johnson, as the non-movant here, the record shows that Sheriff Craig hired Ms. Johnson as court security officer, with the intention of making her a "special deputy." [Dkt. 47 at 3.] That latter classification was a more desirable position because special deputies wear a uniform, carry a firearm, and have arrest powers, [dkt. 47 at 3].

Sheriff Craig defends his decision not to make Ms. Johnson a special deputy in part because the judges for whose courts she was providing security had raised concerns about whether Ms. Johnson was able to handle being armed. A jury could possibly (though certainly may not

---

[1] The ruling granted summary judgment for Sheriff Craig on Ms. Johnson's sexual harassment and constructive discharge claims, limited the time period for her sex discrimination claim, and found a genuine issue of fact as to whether the failure to appoint her as special deputy supported a sex discrimination claim. Contrary to the statement made in Plaintiff's supplemental brief, it did not hold "that the failure to make Lisa a Special Deputy Sheriff constituted illegal sex discrimination." [Dkt. 60 at 1.] The Court merely denied Sheriff Craig's motion on this issue, and neither was asked to nor did grant summary judgment for Ms. Johnson on that issue.

- 1 -

ultimately) find that the judges were not happy with the thought of a woman providing courtroom security for them; Sheriff Craig told Ms. Johnson that "until there was an intimidating male over in [her] position, [the judges] were not going to be happy." [Dkt. 21-1 at 11.] Unlike the judges, Sheriff Craig admits that he believed that Ms. Johnson was qualified for special-deputy status. [Dkt. 62 at 4, ¶21; dkt. 64 at 3, ¶21.] Nonetheless, despite the passage of more than a year from her hire date, Ms. Johnson was not made a special deputy and was thus resigned to "sit at [her] desk and do nothing other than go through purses" and other effects of people entering the courthouse. [*Id.*] Eventually, Ms. Johnson voluntarily resigned.[2]

Under the *McDonnell-Douglas* framework, once a plaintiff has established a prima facie case of gender discrimination (which the Court considered in its prior ruling), the burden shifts to the defendant to show "a legitimate, non-discriminatory reason" for the apparent discrimination. *Hill v. Potter*, 625 F.3d 998, 1001 (7th Cir. 2010) (citation omitted).

Here, Sheriff Craig attempts to offer two such non-discriminatory reasons for his actions, both of which cannot prevail here because they rely on genuine issues of fact, once the evidence is viewed in the light most favorable to Ms. Johnson. First, he says that during the lengthy delay, he was attempting to mollify the concerns of the judges—his "customers"—or else convince them to hire their own personnel. But absent circumstances not argued here, Title VII does not permit an employer to penalize an employee for discriminatory preferences held by the employer's customers. *See Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 913 (7th Cir. Ind. 2010) ("It is now widely accepted that a company's desire to cater to the perceived racial preferences of its customers is not a defense under Title VII for treating employees differently based on race."

---

[2] The Court previously rejected Ms. Johnson's claim of constructive discharge. [*See* dkt. 47 at 9-13.] The Court rejects Ms. Johnson's renewed arguments on that issue. No motion to reconsider has been filed or is proper. Likewise, the Court will not permit Sheriff Craig to reopen the issue of the prima-facie case of discrimination. [*See* dkt. 55 at 6.]

(collecting cases)).³  A jury may or may not find that Sheriff Craig's actions and inactions were too little and too late to comply with Title VII.  The Court is simply not in a position to make either finding as a matter of law.

As for his second reason, Sheriff Craig says that training personnel did not believe that Ms. Johnson was yet capable of safely carrying a gun.  [*See* dkt. 63.]  That reason would, of course, conflict with his own admission on summary judgment that Ms. Johnson was qualified.  And it would not explain the delay in providing Ms. Johnson the uniform and arrest powers that came with special-deputy status.

Accordingly, genuine issues of fact preclude Sheriff Craig from prevailing as a matter of law under the *McDonell-Douglas* framework.  Sheriff Craig's Supplemental Motion for Summary Judgment, [dkt. 54], is **DENIED**.

04/23/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Eric A. Frey
FREY LAW FIRM
freylaw@aol.com

Julie Joy Havenith
TRAVELERS STAFF COUNSEL OFFICE
jhavenit@travelers.com

---

³ Title VII does permit employers to argue that gender is a bona fide occupational qualification, *see id.*; however, Sheriff Craig does not argue that gender is one.

- 3 -